NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BAUDELIO BERNARDINO PEREZ-OROZCO, | No. 23-890 |
| Petitioner, | Agency No. A200-878-151 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025[**]
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District

Judge.[***]

Baudelio Bernardino Perez-Orozco ("Perez-Orozco"), a native and citizen of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") decision to deny his application for cancellation of removal under 8 U.S.C. § 1229b. We have jurisdiction to review the agency's application of the statutory eligibility requirements for a petition for cancellation of removal as a mixed question of law and fact. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024).

Because the BIA affirmed and adopted the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review both the BIA's decision and the IJ's decision. *Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025). We review agency decisions applying the exceptional and unusual hardship standard to a given set of facts for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

When evaluating whether qualifying relatives would experience exceptional and extremely unusual hardship, the agency considers factors including "'the ages, health, and circumstances' of [the] qualifying relatives." *Id.* at 1006 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001)). The hardship suffered must be "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Id.* (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 62).

Perez-Orozco argues that the agency failed to meaningfully consider Perez-

Orozco's role in his stepchildren's lives, the stress they would experience if he were removed, and the financial role he played in their lives. But the IJ did consider those factors among others, including their ages, health, access to medical care, and other family ties. The IJ's decision weighed the hardships Perez-Orozco's stepchildren would likely suffer against mitigating circumstances, including that the children would remain in the United States, their mother largely cares for their medical and psychological needs, their mother can take a second job as she has in the past, and Perez-Orozco has lived with the children only for a short time.

Perez-Orozco also argues that the agency did not consider his mother's age and medical diagnosis in evaluating hardship to her. But the agency did consider those factors, noting that Perez-Orozco's mother would still have health insurance and would be cared for by her daughter in the United States.

Because substantial evidence supports the agency's determination that Perez-Orozco did not demonstrate that his qualifying relatives would face exceptional and unusual hardship if he were removed, we deny the petition. **PETITION DENIED.**